UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EVE CHRISTINE ATKINSON, | Civil No. 1:14-cv-01268-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, acting Commissioner of Social Security | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Eve Christine Atkinson's ("Atkinson") unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). Although Atkinson is the claimant in this case,

the real party in interest to this motion is her attorney Marlene R. Yesquen ("Yesquen"), and the Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Yesquen is entitled to fees under section 406(b) in the amount of $18,300.

*Procedural Background*

Atkinson filed her application for Disability Insurance Benefits and Supplemental Security Income Benefits ("Benefits") on September 20, 2010, and October 15, 2010, respectively, alleging an onset date of August 23, 2010. Her application was denied initially and on reconsideration. On October 11, 2012, an Administrative Law Judge ("ALJ") issued an opinion in which she found Atkinson not disabled and, therefore, not entitled to Benefits. That decision became the final decision of the Commissioner on June 2, 2014, when the Appeals Council denied Atkinson's request for review.

Atkinson sought review of the Commissioner's decision by filing a complaint in this court on March 13, 2015. Atkinson alleged the ALJ erred in five respects: (1) rejecting the opinions and conclusions of Atkinson's physician, Dr. Kelllog, and other medical providers without clear or convincing reasons; (2) substituting her own opinion for that of Atkinson's doctor, and making independent medical findings, and speculative inferences based on medical evidence; (3) not properly considering the combined effect of Atkinson's multiple impairments; (4) rejecting Plaintiff's pain and other subjective testimony without clear and convincing reasons; and (5) basing her decision on the opinion of the vocational expert, based on an incomplete hypothetical, which did not accurately reflect Atkinson's condition, rather than the expert's answers concerning Atkinson's

actual condition. Additionally, Atkinson asserted the Appeals Council improperly rejected medical evidence submitted as new, and material evidence related to the medical conditions considered by the ALJ in her decision of October 11, 2012. On September 9, 2015, this court issued an Opinion and Order, accepting Atkinson's arguments and remanding the Commissioner's decision denying Atkinson's applications (the "Opinion"). (ECF No. 25.) Benefits were awarded in the amount of $123, 006.00.

*Discussion*

The parties do not dispute Atkinson is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Yesquen requests as attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Atkinson's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Yesquen from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010)(quoting *Gisbrecht*, 535 U.S. at 807

/ / / / /

/ / / / /

n.17). A section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Atkinson and Yesquen executed a contingent-fee agreement, which provided that if Yesquen obtained payment of past-due benefits, Atkinson would pay her twenty-five percent of the past-due benefits awarded. (Pl.'s Am. Mot. for Attorney Fees (ECF No. 31)("Pl.'s Mot.") at 2.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Atkinson. Yesquen provided a document from the Society Security Administration (the "Administration") entitled "Notice of Award," which details the retroactive benefits due Atkinson and states it has withheld $30,751.50 in reserve to pay any attorney fees awarded by the court, which may not exceed twenty-five percent past due benefits. (Pl.'s Mot. Ex. A at 3.) Yesquen seeks $18,300.00, less than the amount withheld, asserting Atkinson's retroactive benefits equaled approximately $123,006.00, an amount consistent with the sum withheld by the Administration for attorney fees. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

/ / / / /

II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Here, Yesquen seeks less than twenty-five percent of the past due benefits, less than the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. It focused the risk inquiry, however, stating that:

"the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

*A. The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of Yesquen's representation. In fact, in Defendant's response to Atkinson's brief, the Commissioner agreed with Yesquen's arguments and conceded the case should be remanded because the ALJ's decision was not supported by substantial evidence. Yesquen prevailed on her arguments, successfully argued for the remand of her client's case, and ultimately Atkinson was awarded benefits.

*B. Results Achieved*

The court ordered a remand of Atkinson's claim for further proceedings and ultimately benefits were awarded. This was the best result available in that the ALJ who initially decided the matter on the issue was entitled to consider the evidence and resolve ambiguities in the first instance on remand.

*C. Undue Delays*

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, the court granted Atkinson an unopposed extension of thirty days, due to a scheduling error in Yesquen's office, and Atkinson's opening brief was filed on March 13, 2015. The

Commissioner filed the response brief timely on May 15, 2015. The court granted Yesquen's unopposed motion to extend the reply brief deadline by two weeks, because Yesquen had other briefs due and attorney vacation. Atkinson filed her reply brief on June 12, 2015.

The pendency of this action exceeded the normal time span due to Yesquen's filing motions to extend deadlines. Yesquen's requests for extensions of time extended the action by one and one-half months. However, the one and one-half month delay was not disproportionally long in relation to the overall pendency of the action and was not unreasonable or unfounded. There is nothing in the record to suggest the delay attributable to Yesquen was "undue." Accordingly, a reduction of Yesquen's fee request is unwarranted under this factor.

*D. Proportionality*

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Yesquen filed an thirty-five-page opening brief asserting five errors by the ALJ, and one error by the Appeals Council, and a nineteen-page reply brief bolstering her arguments in response to the Commissioner's opposition brief. Yesquen argued the matter should be remanded to the Commissioner for an immediate award of Benefits or, in the alternative, for further proceedings requesting new evidence be admitted.

Yesquen's thirty-five-page brief concentrated primarily on the ALJ's lack of substantial evidence in discrediting Atkinson's testimony, and discrediting that of Atkinson's treating physicians. This court entered the order and opinion finding the ALJ's decision was based on

improper legal standards. Yesquen prevailed on her arguments and this court remanded the matter for further proceedings, which resulted in an award of benefits. Atkinson's extensive medical history and the knowledge and skill needed to analyze and argue making this case one of more than usual difficulty.

Based on the amount withheld by the Administration for attorney fees, Atkinson is entitled to $123,006.00 in retroactive benefits. Yesquen reports, and the time records confirm, she expended slightly more than thirty-six hours representing Atkinson in this matter. This time expenditure falls within the twenty- to forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Yesquen currently seeks $18,300.00 in attorney fees for her representation of Atkinson before this court, which results in an effectively hourly rate of $500.00. This hourly rate is justified by the results Yesquen achieved, and is consistent with those found reasonable for Yesquen's services by other judges in this district. *See Loew v. Colvin*, No. 6:13-cv-0446-SI, 2015 WL 5522047 (Sept. 26, 2015) (effective hourly rate of $498.84); *Seamon v. Colvin*, No. 03:10-cv-06421-HU, 2014 WL 51124 (D. Or. Jan. 5, 2014) (effective hourly rate of $545); *Atwood v. Colvin*, Civil No. 09-6207-HA, 2011 WL 6372790(Dec. 19, 2011) (effective hourly rate of $716.50); *Carver v. Astrue*, Civil No. 08-6099-MO, 2010 WL 3950728 (Oct. 6, 2010) (effective hourly rate of $824.07).

*E. Risk*

Yesquen briefly references the substantial risk of nonpayment and the significant delay in payment undertaken by Social Security practitioners. She then describes the risks unique to this case, emphasizing how arguing for the credibility of the medical testimony required a higher level

of forensic analysis of the objective medical evidence.

The issues raised by Yesquen on Atkinson's behalf were fairly routine in Social Security cases. However, the outcome of the case was far from assured, as evidenced by the denial of benefits by the ALJ and the affirmation of that decision by the Appeals Council. The court finds no reduction of the request fee is warranted based on the risk and complexity of the case.

*Conclusion*

For the reasons stated, Atkinson's Motion for Approval of Attorney Fees Pursuant 42 U.S.C. § 406(b) (ECF No. 34) in the amount of $18,300.00 is GRANTED.

IT IS SO ORDERED.

DATED this 11th day of August, 2017.

JOHN V. ACOSTA
United States Magistrate Judge